UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JENNIFER S.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-cv-04052-SLD-JEH |
| | ) |
| MARTIN O'MALLEY, Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court is Petitioner Charles E. Binder's—attorney for Plaintiff Jennifer S.C.—petition for attorneys' fees pursuant to 42 U.S.C. § 406(b), ECF No. 20.[2]  For the following reasons, the petition is GRANTED.

BACKGROUND

On October 7, 2014, Jennifer filed a complaint seeking review of the Acting Commissioner of Social Security's ("the Commissioner") final decision denying her claims for disability insurance benefits and supplemental security income.  Compl. 1–3, *Jennifer S.C. v. Carolyn W. Colvin, Acting Comm'r Soc. Sec. Admin.*, 4:14-cv-04090-JEH, ECF No. 1.  U.S. Magistrate Judge Jonathan Hawley reversed the Commissioner's decision and remanded the case to the Commissioner for further proceedings.  Nov. 20, 2015 Order and Opinion 1, *Jennifer S.C. v. Carolyn W. Colvin, Acting Comm'r Soc. Sec. Admin.*, 4:14-cv-04090-JEH, ECF No. 16.  He then approved an award of $5,544.42 in attorneys' fees, pursuant to the Equal Access to Justice

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley is substituted for his predecessor.  The Clerk is directed to update the docket accordingly.
[2] ECF references and other citations correspond to the docket of 4:19-cv-04052-SLD-JEH unless otherwise noted.

1

Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).  Mar. 9, 2016 Order 1, *Jennifer S.C. v. Carolyn W. Colvin, Acting Comm'r Soc. Sec. Admin.*, 4:14-cv-04090-JEH, ECF No. 22.

After remand, Jennifer's claims for benefits were denied again, and on March 11, 2019, she filed another complaint seeking review of the Commissioner's final decision denying her claims.  Compl. 1–4, ECF No. 1.  The Court reversed the Commissioner's decision and remanded Jennifer's case to the Commissioner for further proceedings.  Aug. 6, 2020 Order 1–2, ECF No. 15.  The Court approved an award of $8,200 in attorneys' fees pursuant to the EAJA.  Sept. 9, 2020 Order 1, ECF No. 19.  Following the second remand, a hearing before an Administrative Law Judge ("ALJ") resulted in a finding on July 26, 2021, that Jennifer was not disabled.  Binder Affirmation ¶ 10, ECF No. 20-2.  After Jennifer requested that the Appeals Council review the July 26, 2021 unfavorable decision, a new hearing before an ALJ resulted in a April 11, 2023 fully favorable decision, which found that she was disabled since her alleged onset date of April 19, 2009.  *Id.* ¶ 11; *see also* Notice of Award 1, Pet. Att'y Fees Ex. C, ECF No. 20-3 at 8–14 (informing Jennifer that she was "entitled to monthly disability benefits from Social Security beginning October 2010").

Jennifer signed two retainer agreements with Petitioner's law firm, and each agreement provided that: (1) she would pay to Petitioner's law firm 25 percent of past-due benefits as attorneys' fees if the appeal of the denial of her benefits was successful and the Court approved such an award; and (2) she transferred and assigned her rights and interests in any EAJA fees which were approved by the Court to the law firm.  *See* Retainer Agreement and Assignment, Pet. Att'y Fees Ex. A at 2, ECF No. 20-3 at 1–4; Retainer and Assignment, Pet. Att'y Fees Ex. A at 3–4, ECF No. 20-3 at 1–4.

Petitioner requests an award of $31,001.75 in attorneys' fees, representing 25 percent of her past-due benefits, and affirms that he will remit the previously awarded EAJA fees of $13,744.42 directly to Jennifer. Binder Affirmation ¶ 21. The Commissioner does not oppose Petitioner's request. Resp. Pl.'s Pet. Att'y Fees 1, ECF No. 22.

## DISCUSSION

The Social Security Act allows a court to award "a reasonable fee for . . . representation" of a claimant who prevails in court. 42 U.S.C. § 406(b)(1)(A). This fee must not be "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." *Id.*; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002) ("The fee is payable out of, and not in addition to, the amount of [the] past-due benefits." (alteration in original) (quotation marks omitted)). In considering whether the requested amount is reasonable, the court looks to the "character of the representation and the results the representative achieved." *See Gisbrecht*, 535 U.S. at 808. "If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.* And "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.*

Here, the $31,001.75 amount of requested attorneys' fees is consistent with Jennifer's retainer agreements. *See* Retainer Agreement and Assignment; Retainer and Assignment. The Court finds that the amount is reasonable. Petitioner spent 6.60 hours working on Jennifer's case over the course of the two appeals. *See* Binder Affirmation ¶ 17; Time Log, Pet. Att'y Fees Ex. B, ECF No. 20-3 at 5–7. Petitioner's co-counsel, Daniel S. Jones, spent 38.70 hours working on Jennifer's case during the second appeal. *See* Binder Affirmation ¶ 13; Time Log. Petitioner's other co-counsel, Eddy Pierre Pierre, spent 27.50 hours working on Jennifer's case during the

3

first appeal. Binder Decl. ¶ 15; Time Log. Combined, the attorneys spent 72.8 hours on Jennifer's case for purposes of proceedings before the Court, resulting in an effective hourly rate of just under $426/hour.

Other courts in the Seventh Circuit have approved awards of substantially larger effective rates. *See, e.g.*, *Humiston v. Kijakazi*, No. 16-cv-0974-bhl, 2022 WL 4131917, at *1–2 (E.D. Wis. Sept. 12, 2022) (approving an award constituting an effective rate over $1,600/hour); *Narug v. Comm'r of Soc. Sec.*, No. 2:19-CV-490 JD, 2022 WL 3714743, at *2 (N.D. Ind. Aug. 29, 2022) (adjusting effective rate downward from $2,450.60/hour to $1,7500/hour); *Hoover v. Saul*, CAUSE NO.: 1:16-CV-427-TLS, 2019 WL 3283047, at *2 (N.D. Ind. July 22, 2019) (approving effective rate of $800/hour). The reasonableness of this rate is confirmed by considering Jennifer's attorneys' lengthy history of representing claimants in Social Security cases and the contingent nature of such cases. *See* Binder Affirmation ¶¶ 14, 16, 18; *Hoover*, 2019 WL 3283047, at *2 (considering attorney experience, the contingent nature of Social Security cases, and similar fee awards when confirming the reasonableness of the award).[3] Although Jennifer first filed her applications for benefits on October 17, 2011, Binder Affirmation ¶ 1, the case required multiple remands and ALJ hearings, indicating that Petitioner is not responsible for delay, *cf. Gisbrecht*, 535 U.S. at 808. Finally, the results achieved for Jennifer—over $120,000 in past-due benefits—are substantial, supplying further support for confirming the fee award.

---

[3] A study cited by the Seventh Circuit Court of Appeals in 2011 suggested that only approximately 35 percent of Social Security cases appealed to district courts ultimately result in an award of benefits. *See Martinez v. Astrue*, 630 F.3d 693, 695 (7th Cir. 2011). An attorney who represents Social Security claimants is unlikely to get fees from most of his clients if few of them receive benefits. The amount he receives from clients who do get an award of past-due benefits, then, must be sufficient to incentivize him to represent the other clients for whom he may not get paid. *Cf. Rasmussen v. Colvin*, No. 10 C 2344, 2013 WL 4537316, at *3 (N.D. Ill. Aug. 27, 2013) ("Moreover, because only 35% of disability appeals result in benefit awards, Counsel's effective hourly rate for all Social Security disability claims cases handled is substantially less than the $998 per hour realized in this case." (citing *Martinez*, 630 F.3d at 695)).

*See, e.g.*, *Mora v. Saul*, No. 1:18-cv-00739-SEB-TAB, 2019 WL 5566444, at *2 (S.D. Ind. Oct. 28, 2019) (considering the amount of benefits the plaintiff was awarded).

Petitioner has already received $13,744.42 in EAJA fees.  *See* Mar. 9, 2016 Order 1; Sept. 9, 2020 Order 1.  An attorney cannot recover fees under both 42 U.S.C. § 406(b) and the EAJA—he must either refund the amount awarded under the EAJA to his client or offset that amount from the requested § 406(b) award.  *See Gisbrecht*, 535 U.S. at 796; *Lightner v. Saul*, No. 3:17-CV-00206-JD, 2020 WL 2219171, at *1 (N.D. Ind. May 7, 2020).  Here, Petitioner will return the $13,744.42 in EAJA fees to Jennifer.  Binder Decl. ¶ 21.

## CONCLUSION

Accordingly, the petition for attorneys' fees pursuant to 42 U.S.C. § 406(b), ECF No. 20, is GRANTED.  Charles E. Binder, on behalf of the Law Offices of Charles E. Binder and Harry J. Binder, LLP, is awarded $31,001.75 in attorneys' fees to be paid out of Plaintiff Jennifer S.C.'s past-due benefits.  Petitioner is directed to return the $13,744.42 received in EAJA fees to Jennifer.

Entered this 11th day of April, 2024.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE